NATHAN RAVITZ, Landlord, Respondent, *v.* ISAAC SIMETZ, Tenant, Appellant.

(Supreme Court, Appellate Term, First Department, April Term — Filed May, 1921.)

Summary proceedings — when final order in, reversed — statutes — co-operative corporations — landlord and tenant — attornment — Laws of 1920, chap. 942.

The co-operative plan of holding property to be used for dwelling purposes, authorized by chapter 942 of the Laws of 1920, must cover the entire building.

Where in a proceeding under said statute to recover possession of an apartment in a building in the city of New York alleged to be owned by a corporation under the co-operative plan authorized by said statute, it appears that the alleged corporation is merely a substitute to evade the statute; that there are two vacant apartments; that several are held under plural ownership; that one was rented without lease or stock as required by the statute; that persons and an outside corporation owning more than one apartment clearly do not want them for their own use but for speculation, and that the petitioner is simply a stockholder in the alleged co-operative corporation claiming to attorn to it for rent collected, a final order in the summary proceeding awarding him possession of the premises will be reversed with costs, and the petition dismissed on the ground that it was established that there was not such " good faith " in the sale of the property to the corporation as the statute requires.

APPEAL from a final order of the Municipal Court, of the city of New York, borough of Manhattan, sixth district, entered in summary proceedings awarding possession to the landlord.

Ehrich & Mencher (Harry D. Mencher, of counsel), for appellant.

Kahn & Zorn (Louis Frankel, of counsel), for respondent.

WHITAKER, J.   This proceeding was brought by the respondent, Nathan Ravitz, to secure possession of the apartment in the building at No. 17 East Ninety-seventh street, Manhattan borough, New York city, known as apartment 2a, from the appellant, who is the present occupant.

Respondent relies upon chapter 942 of the Laws of 1920, to gain possession of the apartment and claims that the entire building is now owned by a corporation under the co-operative plan authorized by chapter 942, *supra.*

It appears from the record that the alleged co-operative corporation is merely a subterfuge to avoid the provisions of the statute as the requirements of the statute for such a co-operative corporation have not been complied with.   The co-operative corporation alleged to exist here is not a bona fide organization; if so, it would be the landlord in this proceeding instead of the respondent, Ravitz.

The respondent, Ravitz, is simply a stockholder in the alleged co-operative corporation; and Ravitz claims to attorn to the alleged co-operative corporation for the rent which he collects from the tenant, appellant.

Further proof that the co-operative corporation is not a bona fide organization is found by an examina-

tion of the other facts set forth in the record and the requirements of the statute.

The statute requires that the property must be " *in good faith* sold to a corporation formed under a co-operative ownership plan whereof *the entire stock* shall be held by the stockholders in proportion to the number of rooms *occupied or to be occupied by them* in such building and all apartments and flats therein *have been leased to stockholders of such corporation for their own personal, exclusive and permanent occupancy to begin immediately * * *.*"

There are twenty-nine apartments in this building.

Only five apartments are occupied by persons who own stock to cover them.

There are two vacant apartments in the building, for which no leases have yet been issued.

There are several cases of plural ownership of apartments, as follows:

An outside corporation, Lapidus, Cohen & Kaplan Co., owns stock covering three apartments.

This respondent, Ravitz, owns stock covering two apartments, and has no lease on either one. All the stock on the two apartments is in his own name.

Two other stockholders also own two apartments each.

The by-laws of the alleged co-operative corporation forbid the sale of any stock without the consent of the directors.

It is clear that these stockholders who own more than one apartment cannot occupy more than one apartment at a time for their own " personal " use; and it is equally clear that the corporation of Lapidus, Cohen & Kaplan Co., which owns three apartments cannot occupy them all at once for " personal " use and for dwelling purposes.

Persons and an outside corporation owning more

than one apartment clearly do not want them for their own use but for speculation, which is what the statute seeks to avoid.

Of the two apartments owned by this respondent, Ravitz, one is occupied by this tenant-appellant, and the other apartment is sub-let by Ravitz to a Mrs. Crystal, as a monthly tenant, and she pays him the rent each month. Mrs. Crystal formerly paid $98 a month and her rent has been increased by respondent over $300 for the year; which rent and increase the respondent now collects. This is not " personal use."

The statute further requires that the co-operative plan must cover the *entire building.* This has not been done. There are two vacant apartments, and several are held under plural ownership.

There is a further direct and clear violation of the statute, in that one apartment known as 1C is entirely left out of the co-operative plan; there is no stock to cover it, and it can be rented without regard to the co-operative provisions of the corporation. It was shown by the testimony of an officer of the alleged co-operative corporation that this apartment, 1C, was occupied by a Mr. Spellman, without lease or stock as required by the statute, which is a violation of the provision that the co-operative plan must cover the *entire* property.

From all the facts disclosed in the proceeding, it is established that there is not such " good faith " shown by the petition as the statute requires, and that the petition and proof do not comply with the terms of the statute.

The final order should, therefore, be reversed, with thirty dollars costs and the petition dismissed.

GUY and WEEKS, JJ., concur.

Final order reversed, with thirty dollars costs.